SYLVESTER M. BEARDS and others, Appellants, v. JOHN A. WHEELER, Respondent.

*Offer of judgment— Code, § 385 — when fraudulent.*

A judgment obtained upon an offer made by a defendant under section 385 of the Code will not be held fraudulent, where no actual fraud is shown, simply because it was entered by the consent of the defendant, with intent to give priority to the plaintiff therein, even though the defendant was at that time insolvent to the knowledge of the judgment creditor.

Appeal from an order denying a motion to set aside certain judgments in favor of the defendant and the executions issued thereon, on the ground that they were fraudulent, as against the plaintiff.

John A. Wheeler became indebted to Beards & Co. in about the sum of $784.76, evidenced by five promissory notes. Two matured October 26, 1876, and three afterwards, and prior to December 1, 1876. October 26, 1876, Beards & Co. brought an action in the Supreme Court against Wheeler to recover a judgment upon the

first two notes. Between November 3 and November 9, 1876, four actions were brought by different plaintiffs against Wheeler for the recovery of debts, in which actions Wheeler appeared by attorney and offered to compromise, pursuant to section 385 of the Code. These offers were made, accepted and judgments entered on the day of the commencement of the actions, except in one case, which was but three or four days after its commencement. Executions were immediately issued upon the judgments and delivered to the sheriff of Schuyler county and a levy made upon the property of Wheeler.

At this time Wheeler was insolvent, which the plaintiffs in the four actions then knew, and also knew of the action of Beards & Co. The four actions were commenced, judgments recovered and executions issued, with the intent by the plaintiffs to gain, and by Wheeler to give, a priority over the judgments thereafter to be recovered by Beards & Co.

November 16, 1876, Beards & Co. recovered judgment against Wheeler by default. December second they recovered a second judgment, and December 23, 1876, a third, upon which executions were immediately issued to the sheriff of Schuyler county. Wheeler's property being insufficient to pay all of the executions, Beards & Co. ask for an order that the four judgments recovered upon offers of compromise and the executions issued thereon be set aside, or at least postponed, until after the payment of the executions of Beards & Co., upon the ground that the recovery by compromise, with the intent of the parties to give priority, is fraudulent.

It is not claimed that the causes of action upon which the four judgments were recovered are fraudulent, or that there was any fraud between the parties except the agreement to give preference in this way with full knowledge of Beards & Co.'s action and Wheeler's insolvency.

The following opinion was delivered at the Special Term:

FOLLETT, J. Two methods of obtaining judgments by the consent of defendants were provided by the old practice upon warrant of attorney, and upon *cognovit actionem.* (2 Chitty's Archbold's Pr. [12th ed.], 942 ; Graham's Pr. [2d ed.], chap. 4.) The Code has substituted judgment by confession for the first and judgment upon offer to compromise for the second. (*Ross* v. *Bridge*, 24 How., 164.)

There is much force in the argument that judgment upon offer to compromise was intended to afford a method whereby defendants, finding themselves without an available defense to the whole or some part of the claim, sought to be recovered by actions commenced without their concurrence, and with the intent on the part of the plaintiffs to reach a judgment by the usual processes incident to an action, might offer to compromise, and thereby save further costs : and that judgment by confession is the method provided for reaching a judgment by the mutual consent of the parties. If such were the law the rights of creditors would undoubtedly be better protected, the Code providing, in cases of judgment by confession, for filing a statement, verified by the defendant; stating concisely the facts out of which the cause of action arose, thereby giving creditors some means of information as to the good faith of the transaction.

By using an offer to compromise, a judgment may be recovered upon the most general of complaints, for money loaned, or goods sold, and without the support of an affidavit by any person. The inspection of such a roll affords little information to an inquirer as to the good faith of a transaction.

The objections to this use of an offer to compromise are cogently stated by ALLEN, J., in *Bridenbecker* v. *Mason* (16 How., 205, 206), but the learned justice did not feel authorized to set aside a judgment so obtained as á fraud upon the proceses provided by law or the rights of subsequent judgment creditors.

The entry of judgments upon *cognovit*, is an ancient practice, and many have been entered under circumstances similar to those disclosed in this case, but no precedent has been found for setting aside a judgment so obtained because of the use of this method resulting in preferring one creditor to another.

In *Ross* v. *Bridge* (24 How., 164) it is said : " There can be no doubt that the court has the right to set aside a judgment entered upon an offer of judgment, and would exercise it in a case in which it should be made to appear that such a proceeding was taken *collusively* between the plaintiff and defendant for the purpose of evading the provisions of sections 382 and 383."

It is evident the learned justice did not mean quite what his language may be construed to imply ; for, though the facts as disclosed by the report were similar to those in the case at bar, the court

refused to set aside the judgment. "Collusively," as used in the paragraph quoted, must refer to some deceitful act suffered or done, other than the recovery of a judgment by offer to compromise. Giving priority to one just debt over another, has always been permitted by the law of this State, and though the method adopted to effect the preference may not have been the most satisfactory, still, it having been sanctioned by the practice of many years, it cannot, on account of the method employed be declared fraudulent.

The case does not fall within section 1 of title 3 of chapter 7, part 2, Revised Statutes. (2 R. S., 137.)

The motion is denied, with costs.

*M. M. Mead*, for the appellants.

*S. C. Keeler*, for the respondent.

*Per Curiam:*

The only question is whether a judgment obtained by offer of the defendant, under section 385 of the Code, should be held to be fraudulent as against subsequent judgment creditors, simply on the ground that it was really a judgment obtained by consent of the defendant. It is not claimed that there was any actual fraud.

We think the opinion of the Special Term is satisfactory, and we need add nothing to it.

The order is affirmed, with ten dollars costs and printing disbursements.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Order affirmed, with ten dollars costs and disbursements.